# EXHIBIT

# "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X

STAR BUILDERS, INC.,

                         Plaintiff,

– against –

PELEUS INSURANCE COMPANY.

                        Defendants.
-----------------------------------------------------------------X

Index No.:

**SUMMONS WITH NOTICE**

Date Index No. Purchased:
March 7, 2022

Venue is proper in this Court
pursuant to CPLR §503

To the Person(s) Named as Defendant(s) Above:

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on Plaintiff at the address set forth below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for relief demanded below.

Dated: March 7, 2022

                                                  /s/King Lun Wu, Esq.

                                                  **KING L. WU & ASSOCIATES, P.C.**
                                                  *Attorney for the Plaintiff*
                                                  38-08 Union St., Suite 10F
                                                  Flushing, NY 11354
                                                  Tel: (718) 888-0618
                                                  Fax: (718) 888-0283
                                                  Email: contact@wuesq.com

**NOTICE:** This action is initiated Pursuant to CPLR §3001 a Declaratory Judgment against Defendant. The Complaint of Plaintiff herein alleges that on or about March 5, 2019, an individual sustained certain serious and permanent injuries in a personal injury action pending in the county of New York, the case thereof alleged is readily seen upon a review thereof. A copy of the Complaint being attached thereto as Exhibit "A". Plaintiff and Defendant had entered into a written agreement that pursuant to the terms and conditions set forth in the agreement, the Defendant has a duty to defend indemnify Plaintiff. However, Defendant denied. Plaintiff has been compelled to seek, *inter alia*, a Declaratory Judgment against Defendant Pursuant to New York Civil Practice Law & Rules §3001.

**VENUE:** Plaintiff designs Queens County as the place of trial. The basis of this designation is Defendant's principal place of business in Queens County, pursuant to CPLR §503.

Dated: Flushing, New York
March 7, 2022

Yours, etc.
By: /s/ King L. Wu, Esq.
KING L. WU & ASSOCIATES, P.C.
Attorneys for Plaintiff
3808 Union Street, Suite 10F
Flushing, New York 11354
718-888-0618
contact@wuesq.com

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
MAIKOL BRAVO and DORAINE FRANCISCO,

                    Plaintiffs,

  -against-

NEW TENT, LLC, NEO IMAGE ENTERPRISES, LLC,
STAR BUILDERS INC. and FER AND CONSTRUCTION CORP.,

                    Defendants.
------------------------------------------------------------X

**SUMMONS**

Index No.:

Date Filed:

Plaintiffs designate New York County as the place of trial.

The basis of the venue is defendants' place of business.

Plaintiffs reside at:    138 Hillcrest Road
                            North Bergen, NJ 07047

TO THE ABOVE-NAMED DEFENDANTS:

    *YOU ARE HEREBY SUMMONED* to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: May 1, 2019

Defendants' Addresses:

**\*SEE RIDER**

                                        ROBERT A. CARDALI & ASSOC., LLP
                                        By: _____
                                                Jorge Roman, Esq.
                                          Attorneys for Plaintiffs
                                          39 Broadway, 35th Floor
                                          New York, New York 10006
                                          (212) 964-3855
                                          File Number: 19-104
                                          jroman@cardali.com

## RIDER

1. NEW TENT, LLC
   250 Lafayette Street, 5th Floor
   New York, New York 10012

2. NEO IMAGE ENTERPRISES, LLC
   250 Lafayette Street, 5th Floor
   New York, New York 10012

3. STAR BUILDERS INC.
   33-21 Farrington Street
   Flushing, New York 11355

4. FER AND CONSTRUCTION CORP.
   83-85 116th Street, Suite 3E
   Richmond Hill, New York 11418

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MAIKOL BRAVO and DORAINE FRANCISCO,

               Plaintiffs,

-against-

NEW TENT, LLC, NEO IMAGE ENTERPRISES, LLC,
STAR BUILDERS INC. and FER AND CONSTRUCTION CORP.,

               Defendants.
-----------------------------------------------------------------X

VERIFIED COMPLAINT

Index No.:

      Plaintiffs, by their attorneys, ROBERT A. CARDALI & ASSOC., LLP, complaining of the defendants, respectfully shows to this Court and alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.    That at all times hereinafter mentioned, the plaintiffs were and still are residents of the State of New Jersey.

    2.    That at all times hereinafter mentioned, defendant, NEW TENT, LLC ("NEW TENT") was a domestic limited liability company existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

    3.    That at all times hereinafter mentioned, defendant, NEW TENT, was a foreign limited liability company existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

    4.    That at all times hereinafter mentioned, defendant, NEW TENT, was a business enterprise existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

5. That at all times hereinafter mentioned, defendant, NEO IMAGE ENTERPRISES, LLC ("NEO IMAGE") was a domestic limited liability company existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

6. That at all times hereinafter mentioned, defendant, NEO IMAGE, was a foreign limited liability company existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

7. That at all times hereinafter mentioned, defendant, NEO IMAGE, was a business enterprise existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

8. That at all times hereinafter mentioned, defendant, STAR BUILDERS INC. ("STAR") was a domestic corporation existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

9. That at all times hereinafter mentioned, defendant, STAR, was a foreign corporation existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

10. That at all times hereinafter mentioned, defendant, STAR, was a business enterprise existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

11. That at all times hereinafter mentioned, defendant, FER AND CONSTRUCTION CORP. ("FER") was a domestic corporation existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

12. That at all times hereinafter mentioned, defendant, FER, was a foreign corporation existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

13. That at all times hereinafter mentioned, defendant, FER, was a business enterprise existing under the laws of the State of New York, doing business and having its principal place of business and general offices in the State of New York.

14. That at all times hereinafter mentioned, the defendant, NEW TENT, owned the premises located at 335 West 35th Street, New York, New York (hereinafter referred to as "CONSTRUCTION SITE").

15. That at all times hereinafter mentioned, the defendant, NEW TENT, operated the CONSTRUCTION SITE.

16. That at all times hereinafter mentioned, the defendant, NEW TENT, managed the CONSTRUCTION SITE.

17. That at all times hereinafter mentioned, the defendant, NEW TENT, maintained the CONSTRUCTION SITE.

18. That at all times hereinafter mentioned, the defendant, NEW TENT, controlled the CONSTRUCTION SITE.

19. That at all times hereinafter mentioned, the defendant, NEW TENT, was the lessor of the CONSTRUCTION SITE.

20. That at all times hereinafter mentioned, the defendant, NEW TENT, was the lessee of the CONSTRUCTION SITE.

21. That at all times hereinafter mentioned, the defendant, NEW TENT, was the general contractor for the work taking place at the CONSTRUCTION SITE.

22. That at all times hereinafter mentioned, the defendant, NEW TENT, was the construction manager for the work taking place at the CONSTRUCTION SITE.

23. That at all times hereinafter mentioned, the defendant, NEW TENT, was an agent of the owner of the aforesaid premises.

24. That at all times hereinafter mentioned, the defendant, NEO IMAGE, owned the CONSTRUCTION SITE.

25. That at all times hereinafter mentioned, the defendant, NEO IMAGE, operated the CONSTRUCTION SITE.

26. That at all times hereinafter mentioned, the defendant, NEO IMAGE, managed the CONSTRUCTION SITE.

27. That at all times hereinafter mentioned, the defendant, NEO IMAGE, maintained the CONSTRUCTION SITE.

28. That at all times hereinafter mentioned, the defendant, NEO IMAGE, controlled the CONSTRUCTION SITE.

29. That at all times hereinafter mentioned, the defendant, NEO IMAGE, was the lessor of the CONSTRUCTION SITE.

30. That at all times hereinafter mentioned, the defendant, NEO IMAGE, was the lessee of the CONSTRUCTION SITE.

31. That at all times hereinafter mentioned, the defendant, NEO IMAGE, was the general contractor for the work taking place at the CONSTRUCTION SITE.

32. That at all times hereinafter mentioned, the defendant, NEO IMAGE, was the construction manager for the work taking place at the CONSTRUCTION SITE.

33. That at all times hereinafter mentioned, the defendant, NEO IMAGE, was an agent of the owner of the aforesaid premises.

34. That at all times hereinafter mentioned, the defendant, NEW TENT, owned the premises located at 335 West 35th Street, New York, New York (hereinafter referred to as "CONSTRUCTION SITE").

35. That at all times hereinafter mentioned, the defendant, STAR, operated the CONSTRUCTION SITE.

36. That at all times hereinafter mentioned, the defendant, STAR, managed the CONSTRUCTION SITE.

37. That at all times hereinafter mentioned, the defendant, STAR, maintained the CONSTRUCTION SITE.

38. That at all times hereinafter mentioned, the defendant, STAR, controlled the CONSTRUCTION SITE.

39. That at all times hereinafter mentioned, the defendant, STAR, was the lessor of the CONSTRUCTION SITE.

40. That at all times hereinafter mentioned, the defendant, STAR, was the lessee of the CONSTRUCTION SITE.

41. That at all times hereinafter mentioned, the defendant, STAR, was the general contractor for the work taking place at the CONSTRUCTION SITE.

42. That at all times hereinafter mentioned, the defendant, STAR, was the construction manager for the work taking place at the CONSTRUCTION SITE.

43. That at all times hereinafter mentioned, the defendant, STAR, was an agent of the owner of the aforesaid premises.

44. That at all times hereinafter mentioned, the defendant, FER, owned the CONSTRUCTION SITE.

45. That at all times hereinafter mentioned, the defendant, FER, operated the CONSTRUCTION SITE.

46. That at all times hereinafter mentioned, the defendant, FER, managed the CONSTRUCTION SITE.

47. That at all times hereinafter mentioned, the defendant, FER, maintained the CONSTRUCTION SITE.

48. That at all times hereinafter mentioned, the defendant, FER, controlled the CONSTRUCTION SITE.

49. That at all times hereinafter mentioned, the defendant, FER, was the lessor of the CONSTRUCTION SITE.

50. That at all times hereinafter mentioned, the defendant, FER, was the lessee of the CONSTRUCTION SITE.

51. That at all times hereinafter mentioned, the defendant, FER, was the general contractor for the work taking place at the CONSTRUCTION SITE.

52. That at all times hereinafter mentioned, the defendant, FER, was the construction manager for the work taking place at the CONSTRUCTION SITE.

53. That at all times hereinafter mentioned, the defendant, FER, was an agent of the owner of the aforesaid premises.

54. That at all times hereinafter mentioned, defendant, NEW TENT, entered into an agreement/contract with defendant, NEO IMAGE, agreed to perform certain work at the CONSTRUCTION SITE.

55. That at all times hereinafter mentioned, defendant, NEW TENT, entered into an agreement/contract with the defendant, STAR, agreed to perform certain work at the CONSTRUCTION SITE.

56. That at all times hereinafter mentioned, defendant, NEW TENT, entered into an agreement/contract with the defendant, FER, agreed to perform certain work at the CONSTRUCTION SITE.

57. That at all times hereinafter mentioned, defendant, NEO IMAGE, entered into an agreement/contract with defendant, NEW TENT, agreed to perform certain work at the CONSTRUCTION SITE.

58. That at all times hereinafter mentioned, defendant, NEO IMAGE, entered into an agreement/contract with the defendant, STAR, agreed to perform certain work at the CONSTRUCTION SITE.

59. That at all times hereinafter mentioned, defendant, NEO IMAGE, entered into an agreement/contract with the defendant, FER, agreed to perform certain work at the CONSTRUCTION SITE.

60. That at all times hereinafter mentioned, defendant, STAR, entered into an agreement/contract with defendant, NEW TENT, agreed to perform certain work at the CONSTRUCTION SITE.

61. That at all times hereinafter mentioned, defendant, STAR, entered into an agreement/contract with the defendant, NEO IMAGE, agreed to perform certain work at the CONSTRUCTION SITE.

62. That at all times hereinafter mentioned, defendant, STAR, entered into an agreement/contract with the defendant, FER, agreed to perform certain work at the CONSTRUCTION SITE.

63. That at all times hereinafter mentioned, defendant, FER, entered into an agreement/contract with defendant, NEW TENT, agreed to perform certain work at the CONSTRUCTION SITE.

64. That at all times hereinafter mentioned, defendant, FER, entered into an agreement/contract with the defendant, NEO IMAGE, agreed to perform certain work at the CONSTRUCTION SITE.

65. That at all times hereinafter mentioned, defendant, FER, entered into an agreement/contract with the defendant, STAR, agreed to perform certain work at the CONSTRUCTION SITE.

66. That on March 5, 2019, at approximately 10:00a.m., while the plaintiff, MAIKOL BRAVO, was lawfully and properly working at the CONSTRUCTION SITE, he was caused to sustain serious personal injuries as a result of the carelessness, recklessness and negligence of the defendants herein.

67. That the said occurrence was caused wholly and solely through the negligence, carelessness and breach of duty of the defendants, their servants, agents, workers, in that they failed to provide the plaintiff, with a reasonably safe work area and ladder; in negligently, recklessly and carelessly permitting and allowing the work area and elevated device to remain in a dangerous, defective, hazardous, and unsafe condition; in that the ladder was not reasonably fit for the purpose intended and generally dangerous to persons or workers lawfully using the ladder; in that the defendants failed to make adequate and sufficient inspection of the aforesaid ladder; in that

the defendants herein failed to take proper means and precautions, inspections of the ladder to prevent the job site from becoming and remaining dangerous, all of which the defendants knew, or in the exercise of reasonable care and inspection should have known by reason of the fact that the negligent conditions existed for a long period of time prior to the happening of the occurrence; in that the defendants failed to supervise the job site; in that the defendants failed to supervise all contractors, sub-contractors, workers or any and all persons working on the job site, including but not limited to, the plaintiff's employer; in that the defendant allowed the plaintiff to work on a ladder that was unsafe and insufficient for the work in which he was to perform; in that the defendants herein permitted the plaintiff to work in an area and on a ladder that was not safe; all of which were in violation of the applicable rules, statutes, ordinances, safety codes, regulations and/or promulgations of the City and State of New York and its political subdivisions and/or such cases made and provided for; in violating, including but not limited to the Labor Law of the State of New York Sections 200, 240 and 241(6), U.S. Department of Labor Occupational Safety and Health Standards and New York State Industrial Codes Rules and Regulations, including but not limited to §23-1.5, 23-1.7, 23-1.21, all of which caused the plaintiff to be seriously injured.

68. That as a result of the aforesaid incident, the plaintiff, MAIKOL BRAVO, was caused to sustain serious personal injuries to and about his body and to his nerves and nervous system, causing him great pain and mental anguish and discomfort and requiring him to seek medical care and attention and as a result thereof was incapacitated from his usual and normal activities, vocations, avocations and employment for a long period of time and upon information and belief some of the injuries so sustained are of a permanent and disabling nature.

69. That as a result of the aforesaid occurrence, the plaintiff, MAIKOL BRAVO, was caused to sustain serious personal injuries to and about his body causing him great pain and

suffering, all to his damage in the sum which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

70. That the plaintiffs repeat, reiterate and reallege each and every allegation as contained in paragraphs designated "1" through "69" inclusive as if more fully set forth at length herein.

71. That at all times hereinafter mentioned, the defendants violated §200 of the Labor Law of the State of New York.

72. That as a result of the aforesaid occurrence, the plaintiff was caused to sustain serious personal injuries to and about his body causing him conscious pain and suffering, all to his damage in the sum which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

73. That the plaintiffs repeat, reiterate and reallege each and every allegation as contained in paragraphs designated "1" through "72" inclusive as if more fully set forth at length herein.

74. That at all times hereinafter mentioned, the defendants violated §241(6) of the Labor Law of the State of New York including, but not limited to, the New York State Industrial Code Rules and Regulations §23-1.5, 23-1.7 and 23-1.21.

75. That as a result of the aforesaid occurrence, the plaintiffs were caused to sustain serious personal injuries to and about his body causing him conscious pain and suffering, all to his damage in the sum which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

76. That the plaintiffs repeat, reiterate and reallege each and every allegation as contained in paragraphs designated "1" through "75" inclusive as if more fully set forth at length herein.

77. That at all times hereinafter mentioned, the defendants violated §240(1) of the Labor Law of the State of New York.

78. That as a result of the aforesaid occurrence, the plaintiffs were caused to sustain serious personal injuries to and about his body causing him conscious pain and suffering, all to his damage in the sum which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, DORAINE FRANCISCO

79. Plaintiff, DORAINE FRANCISCO, repeats, reiterates and realleges each and every allegation as contained in paragraphs designated "1" through "78" inclusive as if more fully set forth at length herein.

80. That as a result of the negligence of the defendants and without any negligence on the part of the plaintiff contributing thereto, the plaintiff, DORAINE FRANCISCO, who is the wife of plaintiff, MAIKOL BRAVO, has been deprived of the services and companionship and earnings of the plaintiff, MAIKOL BRAVO, and will, in the future, be deprived of the services, companionship and earnings of said plaintiff, all to her loss and damage.

81. That as a result of the foregoing, the plaintiff, DORAINE FRANCISCO, has been damaged in the sum which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiffs demand judgment against the defendants in the First, Second, Third, Fourth and Fifth Causes of Action in the sums which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: May 1, 2019
New York, New York

Yours, etc.

ROBERT A. CARDALI & ASSOC., LLP
Attorney for Plaintiffs
By: _____
Jorge Roman, Esq.
39 Broadway, 35th Floor
New York, New York 10006
(212) 964-3855

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK, COUNTY OF NEW YORK    ss.

I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am an Associate of the firm of ROBERT CARDALI & ASSOCIATES, LLP, the attorneys of record for plaintiffs in the within action; I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. I hereby certify under penalty of perjury and as an officer of the court that I have no knowledge that the substance of any of the factual submissions contained in this document is false. The reason this verification is made by me and not by the plaintiff is that the Plaintiff **is not** in the county where my office is located. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: investigations and communications had with the plaintiffs in this action. I affirm the foregoing statements are true, under the penalties of perjury.

Dated: May 1, 2019
New York, New York

_____
Jorge Roman, Esq.

SUPREME COURT
STATE OF NEW YORK, COUNTY OF NEW YORK     Index No.     Year 20

MAIKOL BRAVO and DORAINE FRANSICO,

                 Plaintiff,

-against-

NEW TENT, LLC, NEO IMAGE ENTERPRISES, LLC
STAR BUILDERS INC. and FER AND CONSTRUCTION CORP.

                 Defendants.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**ROBERT A. CARDALI & ASSOCIATES, LLP**
Attorney(s) for Plaintiff(s)    BRAVO

*Office and Post Office Address, Telephone*
**39 Broadway, 35th Floor
New York, N.Y. 10006
(212) 964-3855**

---

To

Attorney(s) for

Service of a copy of the within
is hereby admitted.

Dated: ...............................20.......

..................................................

---

PLEASE TAKE NOTICE:

☐ **NOTICE OF ENTRY**       20

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order
will be presented for settlement to the HON.
within named Court, at
on     20     at     M.
Dated,

of which the within is a true copy
one of the judges of the

                     Yours, etc.

                 ROBERT A. CARDALI & ASSOCIATES, LLP